UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS, IV,<br><br>            Petitioner,<br><br>     v.<br><br>DOMINGO URIBE, JR, Warden, et al.,<br><br>            Respondents | Civil No.    12cv0317-DMS (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DENYING MOTION TO CORRECT THE DOCKET; AND**<br><br>**(3) DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has submitted a "Rule 27 Petition" which has been docketed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. (Doc. Nos. 1-2.) Petitioner seeks to take the deposition of two Deputy California Attorneys General in order to determine why his conviction has not been overturned, and to determine why no court has been informed that exculpatory material within the meaning of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), has been withheld from him. (Pet. at 3.) Petitioner has also filed a Motion to Correct the Docket in which he reiterates that he is bringing a "Rule 27 Petition" and not a habeas petition, and requests the docket be corrected. (Doc. No. 3.)

For the following reasons, it is clear that Petitioner has not satisfied the requirements for initiating a Rule 27 action, and that the instant action is properly construed as a federal habeas

1  petition. Nevertheless, it is clear that the instant Petition is subject to dismissal irrespective of
2  its form of action. Thus, the Court denies Petitioner's motion to correct the docket, denies his
3  motion to proceed in forma pauperis as moot, and dismisses the Petition without leave to amend
4  but without prejudice to Petitioner to present his claims in a habeas petition after he has secured
5  permission from the Ninth Circuit Court of Appeals to file a second or successive petition.

6        Federal Rule of Civil Procedure 27 provides that:

7  A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district
8  where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their
9  testimony. The petition must be titled in the petitioner's name and must show:

10     (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to
11     be brought;

12     (B) the subject matter of the expected action and the petitioner's interest;
13

14     (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

15     (D) the names or a description of the person whom the petitioner expects to be adverse parties and their addresses, so far as known;
16     and

17     (E) the name, address, and expected substance of the testimony of each deponent.
18

19 Fed.R.Civ.P. 27(a)(1) (West 2011).

20       Petitioner is seeking to take the depositions of two Deputy California Attorneys General,
21 but has not indicated that either resides in the Southern District of California, and has not
22 indicated why he needs to perpetuate their testimony. Moreover, Petitioner has not identified
23 the subject matter of his expected action, and has not explained why he is unable to bring an
24 action at this time. In any case, Rule 27 is designed for prospective <u>defendants</u> who wish to
25 preserve testimony, not <u>plaintiffs</u>. See <u>Martin v. Reynolds Metals Corp.</u>, 297 F.2d 49, 55 (9th
26 Cir. 1961) ("Abuse of the rule by potential plaintiffs, who might try to use it as a means of
27 discovery to enable them to draw a complaint . . . seems to be avoided by the requirement of
28 Rule 27 that the party seeking the deposition be unable to bring the suit or cause it to be brought.

1  The position of one who expects to be made a defendant is different, and we think that such a
2  defendant should be, and is, entitled to use the Rule, upon a proper showing, to preserve
3  important testimony that might otherwise be lost."); see also Nevada v. O'Leary, 63 F.3d 932,
4  935-36 (9th Cir. 1995) (holding that Rule 27 is not appropriate where "the petitioner seeks
5  discovery of unknown information that the petitioner hopes will assist it in the future when the
6  petitioner applies for judicial relief"). Therefore, the Court denies Petitioner's request to
7  construe this action as a Rule 27 Petition.
8      Moreover, even if Petitioner could utilize the Rule 27 procedure and cure these defects,
9  it is clear that he is attempting to pursue claims which he has or could have presented in other
10 actions he has filed seeking the same Brady material. (See Pet. at 45, stating that Petitioner is
11 seeking to utilize Rule 27 to address a due process violation arising from the failure to provide
12 him with the same Brady material which was the subject of his prior federal habeas action in
13 So.Dist.Ca.Civil Case No. 10cv2029-H (MDD).) On September 21, 2010, Petitioner filed a
14 federal habeas petition in this Court in which he claimed that the Board of Prison Terms had
15 entered into a stipulation with the Sacramento District Attorney to turn over Brady material to
16 be used at Petitioner's parole hearing, but the material was not turned over. (See Pet. filed
17 9/21/10 [ECF No. 1] at 9 in So.Dist.Ca.Civil Case No.10cv2029-H (MDD).) This Court granted
18 Respondent's motion to dismiss that petition as second or successive on the basis that Petitioner
19 had previously raised his due process claim in the Eastern District in Downs v. Cal. Bd. or Prison
20 Terms, No. 09cv0715-GSA (HC) (E.D.Cal., filed April 22, 2009). (See Order filed 4/27/11
21 [ECF No. 55] in So.Dist.Ca.Civil Case No. 10cv2029-H (MDD).) This Court also found that
22 because the Sacramento District Attorney did not possess the material sought, there was no case
23 or controversy, and that in any case Petitioner had not alleged a due process violation regarding
24 his parole procedures under Swarthout v. Cooke, 562 U.S. ___, 131 S.Ct. 859, 862 (2011)
25 (holding that a California prisoner has "received adequate process when he was allowed an
26 opportunity to be heard and was provided a statement of the reasons why parole was denied").
27 (Id. at 6-7.) The Ninth Circuit dismissed the appeal after denying a Certificate of Appealability.
28 (See Order filed 7/7/11 [ECF No. 62] in So.Dist.Ca.Civil Case No. 10cv2029-H (MDD).)

1  Petitioner contends in this action (see Pet. at 3) that he intends to file a motion for relief from
2  judgment pursuant to Fed.R.Civ.P. 59 and 60 in this Court in that case.[1]

3      The instant Petition, to the extent it alleges a due process violation arising from the failure
4  to turn over the Brady material, is also second or successive to the prior petition. See Cooper
5  v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) ("Generally, a new petition is 'second or
6  successive' if it raises claims that were or could have been adjudicated on their merits in an
7  earlier petition.")  Thus, to the extent the instant Petition presents a federal due process claim
8  cognizable on federal habeas, the Court is precluded from considering it absent a demonstration
9  by Petitioner that he has received permission from the Ninth Circuit Court of Appeals to proceed
10 with a second or successive petition.[2]  See 28 U.S.C.A. § 2244(b)(3)(A) ("before a second or
11 successive application permitted by this section is filed in the district court, the applicant shall
12 move in the appropriate court of appeals for an order authorizing the district court to consider
13 the petition).

## **CONCLUSION**

15     Based on the foregoing, the Court **DENIES** Petitioner's Motion to proceed in forma
16 pauperis as moot, **DENIES** the Motion to correct the docket, and **DISMISSES** the Petition. The
17 dismissal is without leave to amend but without prejudice to Petitioner to file a new Petition for

---

[1] Petitioner has recently had another federal habeas petition, in which he alleged that the California Attorney General withheld Brady material from him, dismissed for failure to state a cognizable federal claim. See Order filed 2/21/12 [Doc. No. 3] in So.Dist.Ca.Civil Case No. 12cv0231-BTM (WVG). Petitioner has also had a Rule 27 Petition dismissed without prejudice to file it in So.Dist.Ca.Civil Case No. 10cv2029-H (MDD). See Order filed 5/9/11 [Doc. No. 3] in So.Dist.Ca.Civil Case No. 11cv0737-BTM (BGS).

[2] The Court need not determine whether Petitioner can utilize Rule 27 to circumvent the requirement of obtaining permission from the Ninth Circuit to file a second or successive habeas petition because, as discussed above, he has not satisfied the criteria for filing a Rule 27 Petition.  See e.g. White v. Lambert, 370 F.3d 1002 (9th Cir. 2004) (holding that § 2254 is the only basis for a habeas petition brought by a person "in custody pursuant to a state court judgment."); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (common law writs survive "only to the extent they fill 'gaps' in the current systems of postconviction relief."). Accordingly, even to the extent the "anticipated" action will be an action challenging the results of a future parole hearing at which Petitioner will not be able to present the withheld Brady material, an action which could arguably present claims which were not adjudicated in the previous actions and would therefore arguably not be second or successive to his prior actions (see e.g. Hill v. Alaska, 297 F.3d 895, 899 (9th Cir. 2002)), the Court declines to permit Petitioner to proceed under Rule 27 because, for the reasons set forth above, he has not and cannot satisfy the requirements of Rule 27.  See Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir. 1993) (holding that use of Rule 27, similar to discretionary discovery in habeas cases, is committed to the sound discretion of the district court).

1 | a writ of habeas corpus, which will be given a new civil case number, after obtaining permission
2 | from the Ninth Circuit Court of Appeals to file a second or successive petition.
3 | **IT IS SO ORDERED.**
4 |
5 | DATED: February 24, 2012
6 |
7 | HON. DANA M. SABRAW
United States District Judge